```
                UNITED STATES DISTRICT COURT
                          FOR THE
                    DISTRICT OF VERMONT
```

Francis Joseph,                    :
        Petitioner,                :
                                   :
    v.                             :        File No. 1:04-CV-90
                                   :
Steven Gold, Commissioner,         :
Vermont Department of              :
Corrections,                       :
        Respondent.                :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Paper 14)

Petitioner Francis Joseph, a Vermont inmate proceeding *pro se*, has filed a motion for relief from this Court's judgment dismissing his habeas corpus petition. (Paper 14). Joseph first claims that he failed to file an objection to the Court's initial Report and Recommendation due to a prisoner "rebellion" in the institution in which he is currently incarcerated. (Paper 14 at 1). Joseph next contends that the Report and Recommendation erroneously found that his state court conviction should not be vacated. The respondent does not dispute the fact of the prison rebellion, but opposes Joseph's motion on substantive grounds. (Paper 16). For the reasons set forth below, the Court should construe Joseph's motion as

one filed pursuant to Fed. R. Civ. P. 60(b), and the motion should be DENIED.

Factual Background

On February 7, 2002, Joseph was convicted of second degree aggravated domestic assault and sentenced to 15-25 years as an "habitual offender."  After his conviction was affirmed by the Vermont Supreme Court on appeal, Joseph filed a petition for writ of habeas corpus with this Court on April 8, 2004.  (Paper 2).  Among the arguments in his petition was the contention that his sentencing as an habitual offender was improper because "the main charge was dropped."  (Paper 2 at ¶ 12).  Despite Joseph's claim, the Report and Recommendation concluded that he was convicted of second degree aggravated domestic assault, and that his sentencing as an habitual offender was proper.  (Paper 11 at 14-15).

Joseph now claims that he was barred from filing an objection to the Report and Recommendation due to "a major inmate rebellion . . . .  Destroyed in the rebellion was the prison mail room, library, commissary, education building, prison law library, prison administration

building and prison laundry." (Paper 14 at 1). Joseph also claims that he "continues to suffer from physical and mental health injuries" and that he "is often disoriented and paranoid." Id. Joseph also informs the Court that after the rebellion prisoners were given access to an attorney, but that he himself was never seen by the attorney. Id. at 2.

With respect to the substance of Joseph's motion for relief from judgment, his sole claim is that the charge of "2nd Degree Domestic Assault was dismissed" and that it therefore "cannot be used to support a charge of Habitual Offender." Id. at 2. In his opposition to Joseph's instant motion, the respondent notes that the State originally filed two informations against Joseph. Both informations included charges of second degree aggravated assault, but only the second information contained the added allegation that Joseph was an habitual offender. (Paper 16 at 2). The State dismissed the first information prior to trial, and proceeded to a guilty verdict on the second charge. Id. Because the State obtained a conviction on "the main charge" of second degree domestic

3

assault, the Report and Recommendation found Joseph's improper sentencing claim to be without merit.  (Paper 11 at 15).  After a de novo review of the case and absent timely objection, Judge Murtha adopted the Report and Recommendation.  (Paper 12).  Joseph filed his motion for relief from judgment nearly one month after Judge Murtha entered final judgment.  (Paper 14).

## Discussion

A motion under Rule 60(b) is addressed to the sound discretion of the trial court.  See, e.g., Klein v. Williams, 144 F.R.D. 16, 18 (E.D.N.Y. 1992).  To grant relief from a final order pursuant to Rule 60(b), a court must find that (1) the circumstances of the case present grounds justifying relief and (2) the movant possesses a meritorious claim in the first instance.  See Pioneer Inv. Servs., Inc. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 392 (1993); Babigian v. Assoc. of the Bar of the City of New York, 144 F.R.D. 30, 33 (S.D.N.Y. 1992).  Rule 60(b) provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or

> proceeding for the following reasons: (1)
> mistake, inadvertence, surprise, or excusable
> neglect; (2) newly discovered evidence . . . ;
> (3) fraud . . . misrepresentation, or other
> misconduct of an adverse party; (4) the judgment
> is void; (5) the judgment has been satisfied . .
> . or it is no longer equitable that the judgment
> should have prospective application; or (6) any
> other reason justifying relief from the operation
> of the judgment.

Although Joseph does not cite Rule 60(b) specifically, he argues that the prison riot, the resulting deprivation of access to legal resources, and his continuing ill health constitute "excusable neglect" with respect to his failure to oppose the initial Report and Recommendation.  Because Rule 60(b) is the appropriate vehicle for achieving relief from a final judgment, and because "excusable neglect" is a ground for relief Rule 60(b)(1), the Court should construe Joseph's motion as brought pursuant to Rule 60(b).

In deciding whether to set aside a judgment, the Court must strike "a balance between serving the ends of justice and preserving the finality of judgments." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986).  Relief under Rule 60(b)(1) is generally granted "only upon a showing of exceptional circumstances."  Mendell v. Gollust, 909 F.2d

724, 731 (2d Cir. 1990), aff'd, 501 U.S. 115 (1991).  A *pro se* litigant, however, "should not be impaired by the harsh application of technical rules." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983).  This holds especially true for incarcerated *pro se* litigants "'since they cannot avail themselves of the freedom of other litigants.'"  Gwynn v. Deleo, 1991 WL 125185, at *3 (S.D.N.Y. July 3, 1991) (quoting LaBounty v. Adler, 933 F.2d 121, 122 (2d Cir. 1991)).  Thus, *pro se* litigants have been held to a lower standard for establishing "excusable neglect."  Id.

In this case, Joseph's statement of the facts surrounding his procedural failure is compelling. Certainly a prison riot in which buildings are destroyed, depriving prisoners of, inter alia, legal resources, is an exceptional circumstance.  Moreover, Joseph claims that he continues to suffer from both physical and mental illnesses.  Accordingly, and under the somewhat more lenient standard applied to incarcerated *pro se* litigants, Joseph has shown excusable neglect for his failure to file a timely objection to the initial Report and Recommendation.

With respect to the substance of Joseph's motion, however, he has failed to make a showing that meets any of the criteria set forth in Rule 60(b).  In his habeas corpus petition, Joseph's entire claim with respect to the habitual offender conviction was that "the main charge was dropped.  Also it is a double jeopardy."  (Paper 2 at ¶ 12).  In its initial Report and Recommendation, the Court found that "[t]here is no evidence in the record that the assault claim of which Joseph was ultimately convicted, or any other charge pending against him was 'dropped.'" (Paper 11 at 15).  Joseph now challenges the Court's initial finding and argues that the "main charge" against him was, in fact, dropped.  "Vermont's habitual offender statute does not allow the state to pick people off the street who have prior convictions and subject [them] to habitual offender enhancements.  There must be a 4th conviction arising from the newly charged conduct."  (Paper 14 at 2).

The respondent acknowledges that a pending charge against Joseph was, in fact, dropped, but that a conviction was nonetheless obtained on one count of second degree aggravated domestic assault.  (Paper 16 at 1).

Consequently, Joseph was not merely "picked off the street" and sentenced; he went to trial, was convicted by a jury, and due to prior convictions was sentenced as an habitual offender.  As the Court concluded previously, Joseph's claim of wrongful sentencing due to the lack of an underlying conviction is without merit.

Unlike his procedural claim of "excusable neglect," Joseph does not cite language from Rule 60(b) with respect to his substantive claim.  His claim can be viewed as one for judicial "mistake" under Rule 60(b)(1), or under the "catch-all" provision in Rule 60(b)(6), "any other reason justifying relief from the operation of the judgment." Regardless of the applicable subsection of Rule 60(b), however, Joseph's claim is without substance.  Accordingly, his motion for relief from final judgment should be DENIED.

## Conclusion

For the reasons set forth above, I recommend that Joseph's motion for relief from judgment (Paper 14) be DENIED.

Dated at Burlington, in the District of Vermont, this 16th day of March, 2005.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).